**WARMAN et al. v. WURZBACH et al.**

No. 8998.

Court of Civil Appeals of Texas,. San Antonio.

June 18, 1932. ·

E. P. Lipscomb, of San Antonio, for appellants.

C. C. Wurzbach and J. R. Garnand, both of San Antonio, for appellees.

FLY, C. J.

This is an appeal from an order granting a temporary injunction restraining appellants from having and procuring a second sale of certain property of appellees, under execution; the bidder at the former sale having failed to pay a bid made for the property.

It is provided in article 3822, Revised Statutes of Texas, that: "When the terms of the sale shall not be complied with by the bidder, the sheriff shall proceed to sell the property again on the same day, if there be sufficient time; but if not, he shall readvertise and sell the same as in the first instance."

The statute plainly gives the right of resale in case of a failure or refusal to pay a bid made on land at an execution sale, and nothing in the statute indicates that the provision as to a resale does not extend to or include a bid made by the judgment creditor. No exceptions are made and no valid reason can be assigned for excepting the creditor and preventing a resale in his delinquency in payment.

It is provided in article 3821 that: "If any person shall bid off property at any sale made by virtue of an execution, and shall fail to comply with the terms of the sale, he shall be liable to pay the plaintiff in execution twenty per cent on the value of the property thus bid off, besides costs, to be recovered on motion, five days notice of such motion being given to such purchaser; and should the property on a second sale bring less than on the former, he shall be liable to pay to the defendant in execution all loss which he sustains thereby, to be recovered on motion as above provided."

The object of this statute is to furnish a penalty for failure to pay bids made at execution sales and also to adequately provide for protection to the judgment debtor and to prevent trifling with the execution of the law and the collection of debts through execution sales.

The law renders it impossible for the debtor to lose anything through the delinquency of a bidder, if the latter is solvent and has property sufficient to meet the demands of the occasion. There could be no contingency as to the protection of the debtor if the creditor is the bidder, because compensation is guaranteed through the judgment itself, which could be satisfied or abated in amount by the failure to pay the bid.

While we think it clear that the execution creditor could be held to a resale, and that the petition failed to set up a cause of action along that line, still it is apparent that, the law having provided an adequate remedy to protect the rights of the execution debtor, through and by virtue of the provisions of article 3821, appellees had no grounds upon which to base an application for the writ of injunction against appellants. The law provides all the protection to which appellees are entitled, and the avenue of an approach to a court of equity was thereby closed to appellees. There is no escape from this conclusion.

In view of some contentions in the case, we will say that a second sale adds nothing to the financial disaster of the debtor, and the financial reputation is damaged fully as much by one execution sale as by two or more. The first sale proclaimed the inability or unwillingness of the debtors to meet their obligations, and the tones of the proclamation were not given greater volume, nor increased in vigor, by a second sale of the same property. The law prepares the way for second sales, and it will be presumed that any one who makes inquiry as to the second sale would ascertain that nothing more had been learned that was derogatory to the debtor, but a way was being opened for the punishment of a recalcitrant bidder at a court sale.

The judgment is reversed, the injunction is dissolved, and the cause dismissed from the district court.